*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, HOLIFIELD, and HOUTZ
Appellate Military Judges

————————————

**UNITED STATES**
*Appellee*

**v.**

**Timothy BORK**
Hospital Corpsman First Class (E-6), U.S. Navy (Retired)
*Appellant*

**No. 202000191**

————————————

Decided: 20 January 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Chad C. Temple

Sentence adjudged 15 May 2020 by a general court-martial convened at
Naval Base San Diego, California, consisting of a military judge sitting
alone. Sentence approved by the convening authority: confinement for
six years and a dishonorable discharge.

For Appellant:
*Captain Daniel J. McCoy, JAGC, USN*

For Appellee:
*Lieutenant Nicholas Hathaway, USCG*
*Major Clayton L. Wiggins, USMC*

————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

————————————

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of one specification of sexual assault of a child and four specifications of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice [UCMJ],[1] for discussing, viewing, and engaging in various sexual activity with a 15-year-old.

Appellant asserts two assignments of error [AOEs]: (1) that Article 2(a)(6), UCMJ, violates Fifth Amendment equal protection by subjecting members of the Fleet Reserve to UCMJ jurisdiction while excluding Reservists and Reserve retirees from such jurisdiction when not on active duty; and (2) that Appellant, a Fleet Reservist, does not have a sufficient current connection to the military for Congress to subject him to constant UCMJ jurisdiction. We find no prejudicial error and affirm.

## I. DISCUSSION

Appellant was an active-duty Sailor for 21 years before retiring and becoming a member of the Fleet Reserve, in which status he committed the offenses for which he was convicted at court-martial. In *United States v. Begani*, which was decided after the parties submitted their briefs, our superior court held that Article 2(a)(6)'s subjecting of members of the Fleet Reserve and not retired Reservists to UCMJ jurisdiction does not violate equal protection.[2] In the same case, which is binding precedent on this Court, our superior court reiterated

————————————

[1] 10 U.S.C. § 920b.

[2] *United States v. Begani*, 81 M.J. 273, 281 (C.A.A.F. 2021), *cert. denied*, ___ U.S. ___, 211 L. Ed. 2d 400 (2021). We find the court's reasoning applies equally with respect to the exclusion from UCMJ jurisdiction of non-retired Reservists when not on active duty.

its previous holding that members of the Fleet Reserve have a sufficient current connection to the military such that Congress may constitutionally subject them to UCMJ jurisdiction.[3] We therefore find no merit in Appellant's AOEs.

## II. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[4]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[3] *Id.*

[4] Articles 59 & 66, UCMJ.